*227 .OPINION of the Court, by
fudge Logan.
This •Stas an action in covenant, on a contract to build a house •of a certain description in the writing specified, by a .given day. To which Shields, one of the defendants, upon setting aside the writ of inquiry., pleaded — 1st, Covenants performed, which the plaintiff then joined, He also tendered two other pleas that were filed amongst the papers of the suit; one that he was ready and willing to have completed the work in the time limited by Abe contract, but that he was prevented by the plaintiff from so doing; and the «ther, that he had nearly per *228 formed the work -on the first day of September, and was prevented from completing it by the plaintiff. The first of these two pleas the-plaintiff joined at the same term, as wet! as the one of covenants performed ; hut the third plea was not joined. At the next term of the said court the defendant again offered the two last Reas, which had not been entered oí ¡ecord, and the court permitted the second but rejected the third, and also a fourth one, that was then for the first time offered.
Evidence of witnesses who faw the house after the time prescribed for completing it, was admiiiible to prove that it was incomplete, aa weli as to fhew the defective and uo. ski iiul execu , tiun.
in afHons of tort againft fev veral, plaintiff may uUrniis his action againft any one ai any time befute judgment.
¿ut upon a joint coniract, if part only are ¿bed, the defendant may ab&te the action by flea, and if ail .are lued, judgment cannot be taken a. gain it one, until the abient defendant is profccuted to proclamation 5 or unlefs by the return of the proceís tne action is abated as So him*
It remains t® decide, whether the court erred in rejecting either of the picas.
The third plea the court would properly have refused at any time, because it did not.meet the plaintiff’s action as set forth in his declaration ; that being a covenant to perform by the fust day of August, and the plea going to the first of September, as having nearly performed the work.
And as to the fourth pica, without deciding on the goodness ef it, the court possessed a discretion to admit or refuse it, according to the circumstances of the case; for there must be some period when the defendant shall cease to have the power to file pleas as of right and at will, and when the permission to do so must rest in the sound discietion of the court; otherwise the defendant mav continue from term to term to surprise and perplex his adversary with new pleas. In this case we must presume that discretion to have been rightly exercised, because the contrary is not shewn.
The objection to the admission of evidence proving the situation of the work after the time limited for its completion, was correctly overruled. The undertaker had to the latest instant of the limitation to complete the work ; but a witness who afterwards saw that it was not dene, was certainly competent to prove it. Besides the defects’and unskilful manner ef putting work off, might not be so visible at that instant as a fit-tie time would discover It to be ; and as to the danger that y/eik vvh.ch L.td been completed agreeable to cón-she, .cards imynied by tune mid neglect, m.gatbc i r.pos.d on the workman, Ly the admission of such v\idcucc, it must rest rah the jury and court to guard against. But it is not n,„i-c piobable that the "arv -.vc u! .out’ ur / to cc.úa: truth i *229 the case, from their deductions from the evidence in this, than in most other cases.
Where proce fa is served upon the parries to a joint contract, the plaintiff cannot ditoiifs as to one and take judgment againft the ci-thers, unless for matters operating in their perf’onai dis-
J udgment In covenant a-gainft one defendant who pleaded, when both defendants had been ferved with process* reverted*
By the Chief Justice. — The last objection is, that the judgment is rendered against one defendant only.
The action was brought against two, apon a joint contract, and proceedings regularly had "as to both, until, the office judgment was entered and writ of inquiry awarded. The one defendant having set aside the writ of inquiry and pleaded separately, it would operate by implication to set aside the office judgment as to him, but the implication ought not to be construed to extend to the other: as to him therefore the office judgment would remain, and when the damages were assessed by the jury who tried the issues, the final judgment might have been regularly given against both defendants. ,
Whether, however, it is erroneous not to have done so, is a different question. In cases of tort, where more than one have been concerned in the trespass, they are severally as well as jointly liable, and if the action be brought against one only, he cannot, by pleading the matter in abatement, avail himself of the circumstance Aat others are equally guilty with himself: nor if the action be brought against several, is the plaintiff com-pellable to prosecute the suit against the whole, but he may of right enter a nolle prosequi as to any one or more of them, at any stage of the cause before final judgment. But with respect to actions upon joint contracts, the law seems to be otherwise. In such a case the plaintiff cannot regularly sue one of the parties to the contract without joining the others, and if he should do so, the defendant may by plea abate the suit ; nor if on such a contract the actio» be brought against several, and the process he served upon part of them only, can the plaintiff proceed against them without first proceeding to outlawry in England, and in this country to proclamation against the absent defendants, unless it be in cases where, by the return of the process,, the suit shall have abated as to them — See 1 Stra. 473—2 Stra. 1260—1 Wits. 78—Tidd’s Frac. 125, 3.25-7 and 362.
_A,s the plaintiff is compellable to bring his action jointly against all the parties to the Contract, and when process is served upon part only, cannot proceed against til :m alone, so where the suit is brought against all, Und the process served upon them, the plaintiff cannot *230 afterwards enter a nolle prosequi as to some of the», unless it be for matter operating in their personal discharge, and proceed as to the others — See 1 Wils. 39— Tidd’s Prac. 632 — 1 Saund. 207 a, note 2, This doctrine is not founded upon a mere rule of practice, changeable at the pleasure of the courts, but upon the solid basis of justice, and vitally and essentially affects the rights and interests of defendants. For as all the parties to the contract are bound to a rateable contribution in the payment, if the plaintiff might regularly sue a part of them only, or if when he brings suit against the whole of them, he were permitted to enter a nolle prosequi as to some, and proceed to judgment against the others, it might work an irremediable wrong to those against whom the recovery is had. For although it be true that where a judgment is jointly obtained against several, the whole sum may be levied of the estate of either, and he be left to his remedy against the others j yet there is an essential difference between a case thus situated and one where judgment is obtained against part only of those who by the terms of their contract are liable to contribution. In the one case the judgment being against the whole of the parties, they are all bound by'it, and cannot gainsay the justice of the demand against them, when called upon for their rateable proportion ; but in the other, those who were not parties to the judgment, are not bound thereby, and those against whom the recovery is had, when seeking for a remedy over against those who were not parties to the judgment, would be driven to the necessity of establishing the justice oí the original demand. This it might, and often would be impossible for them to do, from the death and dispersion of witnesses, or the destruction of other evidence by time and accident ; and thus, without any fault of their own, they would be left to suffer an irreparable injury. But even in cases where the difficulties in establishing the justice of the original demand would not be absolutely insuperable, they would frequently be so great as to impose a heavy bur-then of expence and trouble upon the defendants against whom the recovery is had. From the danger of such a remediless wrong, which might and probably would happen in some cases, and from the hardships thus me-riialle n mr.«t cases of actions upon joint contracts, *231 tfie defendants would be relieved by adhering to the ■Settled doctrine of the law, without imposing upon the plaintiff any equivalent inconvenience.
It is proper here to remark, that this doctrine is con ■ fined to'actions upon joint contracts, and is not applicable to those that are founded upon contracts which are, several, for in such cases the parties bound by the con-' tract, have by the terms of their agreement consented to' their separate liability, and if any hardship or loss should be the result, they would have no right to complain. To cases of this kind the maxim volenti non fit injuria emphatically applies.-
It may not be unnecessary also' to observe, that evens in cases of joint contracts, where the action is brought against one of the joint contractors, if he should fail to' take the objection in proper time by plea in abatement* lit will be considered’ as having tacitly consented to the proceedure against him alone, and cannot afterwards avail himself of the objection. But it would be extreme injustice where the defendant has not by the terms of his contract agreed to becdfne separately liable, to permit the plaintiff to adopt a mode of proceeding which %ould subject the defendant to a separate judgment against him, without giving him an opportunity of insisting upon a joint proceedure and judgment against all the contractors.
We have been thus induced to investigate this subject more minutely than we otherwise would have thought it necessary to have done, but for our respect for the opinion of this court in the case of Caldwell and Bush vs. Price, Hard. Rep. 69, where the contrary doctrine seems to have been holden. For our own convenience as well as for the sake of uniformity of decision* we are always disposed to follow the precedents which our predecessors have given us ; but where in those precedents we find, as will be always found in the adjudications of the most vigilant and enlightened judges, occasional aberrations from the settled rules and reasons of the ¡aw, we feel it our duty not to depart from them. A solitary decision has never been held to change the law in any case, and much less ought it to have that effect in a case like the present, where the rula is so well calculated for the attainment of justice, and so firmly established by an uniform train of uneoutroverted autljoritiss.
*232 We are therefore of ''’".•ni that the final judgment ⅛ this case ought to hm - lo-i '-titered up against both defendants, and that it e i-tron < its in having been ene tered up against eme of tVm -"‘v.
Wherefore it is cornu’ »\ A r - ‘he court that the final iuclgment of the said t i c-iff r, -n; be reversed, and that the cause be remanded to r'i d muff, who are hereby directed to enter up juds m it ag tinst both defendant* for the damages asses-cd ’<v ’he jury, &c.